IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| JIMMY R. & SYLVIA D. CARLSON, ) | |
| ) | CASE NO. BK08-41305-TLS |
| Debtor(s). ) | A08-4076-TLS |
| FIRST NATIONAL BANK NORTH PLATTE, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| JIMMY R. & SYLVIA D. CARLSON, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the court on the defendant-debtors' motion for summary judgment (Fil. #31) and resistance and cross-motion for partial summary judgment by the plaintiff (Fil. #51). Philip Kelly represents the debtors, and James M. Carney represents the plaintiff. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

Both motions for summary judgment are denied.

First National Bank North Platte filed this adversary proceeding to have the debt owed to it excepted from discharge pursuant to 11 U.S.C. § 523(a)(2) because the debtors obtained financing from the bank by providing allegedly false financial statements and borrowing base certificates upon which the bank relied in making its credit decisions.

The debtors now move for summary judgment, asserting that a settlement agreement in a state court lawsuit between the parties bars as a matter of law the claims brought in this adversary proceeding. The bank filed a cross-motion for partial summary judgment, asking the court to find that the settlement agreement has no probative value in this proceeding.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992). "Where the record

taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record, without resorting to speculation. *Hitt v. Harsco Corp.*, 356 F.3d 920, 923-34 (8th Cir. 2004).

The following facts are uncontroverted or are established by the evidence:

1. Prior to 2006, debtor Jimmy Carlson was engaged in the cattle business.

2. The debtors were officers, shareholders, and directors of an entity named Eagle Creek, Incorporated.

3. In 2005 and 2006, Eagle Creek borrowed nearly $275,000.00 from the plaintiff bank. The debtors personally guaranteed Eagle Creek's debts.

4. The debtors submitted financial documents to the bank from time to time, including financial statements and borrowing base certificates at the bank's request. The debtors signed all of the loan documents, the financial statements, the borrowing base certificates, and personal guarantees of the loans of Eagle Creek, Inc.

5. The collateral for the loans included cattle owned or purportedly owned by the debtors or by Eagle Creek. Those cattle were subsequently located in a feed yard in Sioux County, Nebraska, in the name of Faessler Farms.

6. The bank filed a replevin action against the debtors, Eagle Creek, Inc., and Faessler Farms, Ltd., on December 1, 2006, in the District Court of Scotts Bluff County, Nebraska, at Case No. CI06-993. The bank sought to obtain possession of the cattle in which it held a security interest.

7. The parties to the replevin action entered into a settlement agreement, which was filed on January 23, 2008. Under its terms, the bank received $110,000.00 from the proceeds of the sale of the cattle and $22,730.77 from debtor Jimmy Carlson. Paragraph 5 of the settlement agreement says, "On receipt of the amounts to be paid to Plaintiff hereunder, Plaintiff will dismiss its Amended Complaint with prejudice."

8. On June 6, 2008, the bank filed a dismissal of the amended replevin complaint, with prejudice, reserving its right to collect the balance of indebtedness from the Carlsons and Eagle Creek.

9. On June 23, 2008, the Scotts Bluff County District Court filed an order dismissing the case without prejudice for exceeding the time limits in the Nebraska Supreme Court's case progression standards.

10. The bank also filed a lawsuit against the debtors on December 21, 2006, on the promissory notes payable to the bank in the District Court of Scotts Bluff County, Nebraska, at Case No. CI06-1042.

11. The debtors filed their Chapter 7 bankruptcy petition on June 11, 2008.

12. Because of the settlement discussions in the replevin action and the filing of the bankruptcy case, little activity occurred in the second lawsuit.

The parties argue here about the import of the settlement agreement in the context of this case and whether the bank may pursue collection of the deficiency. The bank's complaint asks the court to determine that the remaining indebtedness is nondischargeable under 11 U.S.C. § 523(a)(2)(B). Debtors believe that they have been released from any remaining indebtedness by performing the settlement agreement in connection with the replevin action.

A close reading of the settlement agreement reveals that it does not release the debtors from the debt. In paragraphs 2 and 3, the settlement agreement refers to the settlement payments being "applied" on the indebtedness, which indicates that a deficiency could remain. There are no references to the payments being deemed payment in full, nor are there any provisions releasing the debtors from any further liability (although there is a release of a non-borrower defendant). It also proposes to dismiss the replevin action with prejudice, which is not the same as a release. This is particularly noteworthy because there was a separate lawsuit on file to collect on the promissory notes. Under state law, a replevin action is simply used to enforce a security interest by determining the right to possession of personal property, which in this case was the cattle and the proceeds therefrom. It did not purport to establish the total amount of the debt or institute means of collecting the deficiency. The bank pursued that via the lawsuit on the notes, although, as stated above, little progress occurred in that case and it is currently stayed by the provisions of the Bankruptcy Code.

The elements of a § 523(a)(2) action are separate and distinct from any issues raised in the state court lawsuits filed by the bank, and the terms of the settlement agreement and the replevin action's dismissal are not res judicata in this adversary proceeding. Accordingly,

IT IS ORDERED: The defendant-debtors' motion for summary judgment (Fil. #31) is denied. The plaintiff's cross-motion for partial summary judgment (Fil. #51) is denied. Trial will begin on Wednesday, October 28, 2009, at 9:00 a.m. in the United States Courthouse in North Platte, Nebraska.

DATED: October 15, 2009.

                                            BY THE COURT:

                                            /s/ Thomas L. Saladino
                                            Chief Judge

Notice given by the Court to:
    \*Philip Kelly
    \*James M. Carney
    U.S. Trustee

Movant (\*) is responsible for giving notice to other parties if required by rule or statute.